UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DARRYL LEE HAAN,**

      **Plaintiff,**

**v.**                                 **Case No.: 8:19-cv-2462-T-60AAS**

**CVS, INC., HUMANA, and**
**FLORIDA MEDICAID**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Darryl Haan seeks to proceed without prepaying fees or costs.  (Doc. 1).  As stated previously, Mr. Haan shows he is indigent.  (Docs. 7, 13).

## I.    LEGAL STANDARD

After determining the economic status of the litigant, the court must review the case and dismiss it sua sponte if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *see Martinez v. Kristi Cleaners, Inc.,* 364 F.3d 1305, 1307 (11th Cir. 2004) (citation omitted).

Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  Dismissal for failure to state a claim is appropriate if the facts, as pleaded, fail to state a claim for relief that is "plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

If a district court determines from the face of the complaint that the factual allegations are clearly baseless or the legal theories lack merit, the court may conclude a case has little or no chance of success and dismiss before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (*per curiam*).  While the court holds complaints in *pro se* actions to less stringent pleading standards, a *pro se* plaintiff remains subject to the same law and rules of court as a litigant represented by counsel.  *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## II.   BACKGROUND

Mr. Haan filed a complaint alleging Florida Medicaid, Humana, and CVS, Inc. failed to comply with the Medicaid laws under 42 U.S.C. § 1396 and seeking "$1,500,000.00 for cost of doctors, meds." (Doc. 3).  This court took Mr. Haan's motion to proceed *in forma pauperis* under advisement, outlined deficiencies in Mr. Haan's complaint, and provided Mr. Haan a second chance to plead his claims by submitting an amended complaint.  (Doc. 7).  Mr. Haan timely submitted an amended complaint. (Doc. 8).

In his amended complaint, Mr. Haan appeared to allege Florida Medicaid and Humana had refused to enforce federal Medicaid laws.  (Doc. 8, pp. 1–2).  Mr. Haan alleged Florida Medicaid ignored his complaints and he could not appeal his complaints.  (*Id.*).  Mr. Haan alleged violations of his constitutional rights and sought to bring the case under 42 U.S.C. § 1983.  (*Id.* at p. 3).  Mr. Haan made no allegations or claims against CVS in his amended complaint, but still listed CVS as a defendant.

In response to Mr. Haan's amended complaint, a December 17, 2019 order

2

again deferred ruling on Mr. Haan's motion to proceed *in forma pauperis*, outlined deficiencies in Mr. Haan's amended complaint, and offered Mr. Haan a third chance to plead his claims.  (Doc. 13).   Mr. Haan timely submitted another amended complaint.  (Doc. 15).

In his latest amended complaint, Mr. Haan alleges Humana (as part of Florida Medicaid) violated the federal Medicaid laws by not providing doctors and treatment for chronic illnesses.  (Doc. 15, pp. 1–7).  Mr. Haan also now alleges Humana only gave him one hearing that did not resolve his issues, and as a result, Humana again provided Mr. Haan with the same list of doctors he previously received.  (*Id.* at p. 8). Mr. Haan also conclusively alleges fraud, attempted fraud, and fraudulent statements to deprive him of proper medical treatment but describing no details of the alleged fraud.  (*Id.* at p. 7).  Mr. Haan alleges he has filed multiple complaints with Humana and Florida Medicaid but with no resolution, prompting him to seek relief in federal court.  (*Id.* at pp. 11–13).  Mr. Haan also alleges CVS did not fill his prescriptions and did not give back the written prescription in violation of Florida law.  (*Id.* at p. 10).  Throughout the complaint, he asserts he is entitled to relief under the Medicaid laws in the Social Security Act (42 U.S.C. § 1396), the Affordable Care Act, the Americans with Disabilities Act, and an administrative law judge's order awarding him disability benefits.  Mr. Haan also vaguely references other federal and state laws and regulations, including a Kentucky court decision.

Importantly, nowhere in Mr. Haan's latest amended complaint (or any prior complaint) does he assert that he is seeking injunctive or declaratory relief.  Instead,

his latest amended complaint seeks "punitive damages, monetary damages, pain, suffering, charges of fraud, attempted fraud, violations of rights, human rights, medical care." (*Id.* at p. 13).  Mr. Haan seeks "1.5 billion dollars in damages." (*Id.* at p. 14).

## III.   DISCUSSION

Mr. Haan identifies his defendants as CVS, Humana, and the State of Florida Medicaid.[1]  (Doc. 15, p. 1).  Mr. Haan's latest amended complaint adds length but not substance or specificity.

### A.     Federal Rules of Civil Procedure

Despite having three chances to plead his claims, his latest amended complaint still does not distinguish what causes of actions Mr. Haan brings against each defendant.  As a result, Mr. Haan's latest amended complaint fails to comply with the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 8 requires a complaint contain both "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(1)-(2).  Rule 10 requires the complaint "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and "each claim founded on a separate transaction or occurrence . . . be stated in a

---

[1] Mr. Haan also sought to add Mary Mayhew, the Director of Florida Medicaid, and the court denied the request as moot because Mr. Haan had listed Director Mayhew, in her official capacity, as a defendant in prior complaints.  (Docs. 3, 16, 17).  No version of Mr. Haan's complaint contains a single allegation against Ms. Mayhew in her individual capacity.

separate count." Fed. R. Civ. P. 10(b).  Rules 8 and 10 "work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, [and] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (quotation omitted); *see also Evans v. McClain of Ga., Inc.*, 131 F.3d 957, 964 n.2 (11th Cir. 1997) (stating the defendant must have notice of the claim and the grounds on which the claim rests).  "[I]n a case with multiple defendants, the complaint should contain specific allegations with respect to each defendant; generalized allegations 'lumping' multiple defendants together are insufficient to permit the defendants, or the Court, to ascertain exactly what a plaintiff is claiming." *See Schatzel v. Duval Cty. Sch. Bd./Dist.*, No. 3:19–cv–888–J–34JRK, 2019 WL 3503011, at *1 (M.D. Fla. Aug. 1, 2019).

Mr. Haan's complaint repeatedly cites 42 U.S.C. § 1396 "et seq." (Doc. 15, pp. 1, 2, 4, 5, 7, 11, 12) as if that is the basis for all of Mr. Haan's claims and essentially requires the court to sift through the entire Medicaid statute to determine what cause of action Mr. Haan is trying to assert.  Mr. Haan alleges Humana fails to provide Mr. Haan proper chronic pain doctors and treatments.  (*Id.* at p. 2).  Mr. Haan provides no facts but conclusively alleges Humana gave him a list of doctors far from his home and those doctors did not take Humana.  (*Id.* at p. 4).

Mr. Haan also repeatedly refers to the Affordable Care Act.  (*Id.* at pp. 1, 2, 4, 5, 7, 11, 12).  However, Mr. Haan only states the "Act expands the scope of the

Medicaid Program and increases as the number of individuals the state must cover." (*Id.* at p. 4). Mr. Haan also cites the Americans with Disabilities Act but only states the violation "forced [Mr. Haan] to take alternative treatment and medicine." (*Id.* at p. 5). Mr. Haan provides no other facts to indicate what claim he wants to seek under the Affordable Care Act or the Americans with Disabilities Act.

Mr. Haan states he received a "court order on behalf of plaintiff for full disability and full Medicaid" from the Office of Disability Adjudication and Review (ODAR). (*Id.* at p. 1). Then, Mr. Haan repeatedly alleges that the defendants violate that ODAR order because he is not receiving the proper doctors, treatment, or medicine. (*Id.* at pp. 4, 5, 6, 7, 10, 11, 12, 13). But Mr. Haan's other allegations contradict this assertion because Mr. Haan is receiving Medicaid as required by the ODAR order. Rather, Mr. Haan seeks to assert his frustration with his Medicaid plan and chosen Medicaid insurance provider as violating the ODAR order.

Mr. Haan repeatedly alleges Humana and Florida Medicaid violated his Fifth and Fourteenth Amendments, Mr. Haan's right to due process. (*Id.* at pp. 3, 6, 7, 8, 11, 12, 13). However, Mr. Hann's due process claims are belied by his own allegations provided in the latest amended complaint. Mr. Haan alleges "after 9 months of complaints Humana ordered a fair hearing . . . [but] the fair hearing did nothing but give the plaintiff the same fake list of doctors that never took Humana Medicaid insurance." (*Id.* at p. 3). While Mr. Haan may not have liked that it took nine months before Humana gave him his fair hearing, he received the fair hearing. And simply because Mr. Haan did not like the outcome does not create a claim that Humana

violated his due process rights.  As for Florida Medicaid, Mr. Haan alleges he "filed over 10 complaints over the phone to the Medicaid complaint department."  (*Id.* at p. 8).  While Mr. Haan alleges Florida Medicaid "never took the complaints seriously from the plaintiff," Mr. Haan states he received a phone call from Florida Medicaid "to inquire about past complaints plaintiff had filed."  (*Id.*).

For the first time in Mr. Haan's three complaints, Mr. Haan peppers his complaint with unsupported allegations of fraud, attempted fraud, and fraudulent statements against Humana and CVS.  (*Id.* at pp. 7, 10–11, 13–14).  "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Mr. Haan does not back up those allegations but just throws in "fraud, attempted fraud, fraudulent statements" in various parts of his complaint with no allegations, much less particularity, about the circumstances in his case that could constitute fraud.

Again, the court is left trying to discern what claims Mr. Haan alleges and what relief he seeks.  Mr. Haan has had three chances to attempt to clearly state his alleged causes of actions.

**B.    42 U.S.C. § 1983 and State Immunity from Suits for Damages**

Mr. Haan cites the Medicaid statues as his cause of action, but those statutes do not create a private right of action that Mr. Haan can pursue.  *See Estate of Ayres ex rel. Strugnell v. Beaver*, 48 F. Supp. 2d 1335, 1340 (M.D. Fla. 1999).  But a plaintiff may bring a 42 U.S.C. § 1983 suit against a state if Congress did not expressly

withdraw the § 1983 remedy.[2]  *See Mallo v. Public Health Trust of Dade Cty., Fla.*, 88 F. Supp. 2d 1376, 1380 (S.D. Fla. 2000).

Thus, the court liberally construes that Mr. Haan seeks to bring a 42 U.S.C. § 1983 claim to enforce his alleged violations of the Medicaid laws.  But Mr. Haan concedes Florida Medicaid has never denied his prescriptions, nor that Florida Medicaid failed to cover pain management doctors.  (Doc. 15, p. 2).  Thus, the court liberally construes Mr. Haan's latest complaint to allege a Section 1983 claim against Humana and CVS.  Because Section 1983 actions may be brought only against defendants acting under color of state law, Mr. Haan may not bring a Section 1983 action against Humana and CVS unless they are state actors.[3]  And assuming they are considered state actors in this action,[4] Mr. Haan's claim for "1.5 billion dollars in

---

[2] Even if Mr. Haan seeks to use § 1983, he still "must assert the violation of a federal *right,* not merely a violation of federal *law.*"  *Blessing v. Freestone*, 520 U.S. 329, 340 (1997).  The courts use three factors when determining "whether a particular statutory provision gives rise to a federal right": (1) Congress must have intended the statute benefit the plaintiff; (2) the plaintiff must show the right assertedly protected by the statute is not so "vague and amorphous" that its enforcement would strain judicial capabilities; and (3) the statute must provide mandatory terms showing an intent to impose a binding obligation on the states.  *Id.* at 340–41 (internal citations omitted).

[3] Because Section 1983 requires the actions that constitute a deprivation of constitutional rights be performed by a person "acting under color of state law," private parties are rarely held liable under Section 1983 for their conduct.  *See Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992).  The Eleventh Circuit uses three tests to determine whether a private entity is a state actor under § 1983: (1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test.  *Willis v. Univ. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

[4] Despite the liberal pleading standards applicable here, Mr. Haan has not pleaded facts to satisfy any of these three tests.  First, Mr. Haan's latest amended complaint fails the public function test because it lacks any allegation, let alone sufficiently

8

damages" is barred by Eleventh Amendment immunity.

The Eleventh Amendment has repeatedly been interpreted broadly as preventing a plaintiff from suing states in federal court for damages because of the doctrine of sovereign immunity. *Sossamon v. Texas*, 563 U.S. 277, 283 (2011) ("Sovereign immunity principles enforce an important constitutional limitation on the power of the federal courts.") (citation omitted); U.S. Const. amend. XI.  However, under the *Ex parte Young* doctrine, a plaintiff may sue a state official in their official capacity without conflicting with the Eleventh Amendment.  209 U.S. 123, 156 (1908). The *Ex parte Young* doctrine "provides an exception to the Eleventh Amendment for lawsuits against state officials as long as the plaintiffs seek only prospective injunctive relief to stop ongoing violations of federal law." *Friends of Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1215 (11th Cir. 2009).  But if the prospective relief sought is "measured in terms of monetary loss resulting from a past breach of a legal duty," then that requested relief equals money damages and the *Ex parte Young* doctrine does not apply.  *Edelman v. Jordan*, 415 U.S. 651, 669 (1974). Because Mr. Haan does not seek a declaratory or injunctive relief but instead seeks

---

pleaded allegations, that CVS and Humana performed functions "traditionally the exclusive prerogative of the state." *See Nat'l Broad. Co., Inc. v. Communications Workers of America, AFL-CIO*, 860 F.2d 1022, 1026 (11th Cir. 1988).  Second, Mr. Haan's latest amended complaint fails the state compulsion test because it lacks any allegation that the Florida "coerced or at least significantly encouraged" CVS or Humana in doing the alleged actions against Mr. Haan.  *Id.*  Third, Mr. Haan's latest amended complaint fails the nexus/joint action test because there is no allegation that CVS and Humana were intertwined with Florida in a "symbiotic relationship" that involved CVS violating Florida's prescription laws or Humana listing doctors too far from Mr. Haan's home or did not take Humana.  *Harvey*, 949 F.3d at 1133 (noting conclusory allegations cannot establish state action under the nexus/joint action test).

$1.5 billion, Mr. Haan's Section 1983 claims are barred.

### C.    Florida Statute § 893.04

Mr. Haan also alleges CVS violated Florida Statute § 893.04 because CVS would not fill Mr. Haan's prescriptions.  (Doc. 15, p. 10).  Mr. Haan conclusively alleges CVS did not like the name of the prescription and that the prescriptions did not state "pain management."  (*Id.*).  However, "[a] pharmacist, in good faith and in the course of professional practice only, may dispense controlled substances upon a written, oral, or electronic prescription of a practitioner." Fla. Stat. § 893.04(1).  First, this statute does not require the pharmacist to fill controlled substances but gives discretion to the pharmacist. *Id.*; *see also Cohn v. Dep't. of Professional Reg.*, 477 So. 2d 1039, 1041 n.2 (Fla. Dist. Ct. App. 1985) ("[N]o pharmacist is required to fill any prescription, no matter how regular in form, if he choose not to do so.").  Second, the statute also addresses the different schedules of controlled substances, how often those prescriptions are filled or refilled, and the amount allowed for each prescription. Fla. Stat. § 893.04(1)(f)-(g).  Even if Mr. Haan provides facts rather than conclusory allegations about his "legal prescription," Florida statute gives discretion to a pharmacist to fill any controlled substance prescription and limits the amount and frequency of prescriptions for controlled substances.

## IV.    CONCLUSION

Mr. Haan's claims amount to frustration and dissatisfaction with his chosen

Medicaid insurance plan and that plan's available providers.[5]  Upon consideration of Mr. Haan's latest amended complaint, Mr. Haan fails to state a cause of action against each defendant.  Thus, it is **RECOMMENDED** that Mr. Haan's motion for leave to proceed *in forma pauperis* (Doc. 1) be **DENIED**, and Mr. Haan's latest amended complaint (Doc. 15) be **DISMISSED**.

      **ENTERED** in Tampa, Florida, on April 7, 2020.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

      Mr. Haan has fourteen days from the date he is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.  11th Cir. R. 3-1.

cc:  Darryl Haan
     7276 Pond Circle
     Spring Hill, FL 34606

---

[5] Mr. Haan may change his Medicaid insurance plan during the annual open enrollment period.  Statewide Medicaid Managed Care, *How to Enroll in a Health Plan*, Agency for Health Care Administration State of Florida, https://flmedicaidmanagedcare.com/health/enroll (last visited Mar. 30, 2020).